# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| FELIPE NIEVES-PEREZ, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Case No. 6:23-cv-514-JDK-JDL |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Felipe Nieves-Perez, a Texas Department of Criminal Justice inmate proceeding through retained counsel, filed this federal petition for a writ of habeas corpus challenging the legality of his conviction. The petition was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition.

On April 7, 2025, Judge Love issued a Report and Recommendation recommending that the Court deny the petition and dismiss this case with prejudice. Judge Love also recommended that a certificate of appealability be denied. Docket No. 17. Petitioner timely objected. Docket No. 18.

## I. BACKGROUND

In 2018, a convenience store owner told Tyler police that he had found a credit card skimming device inside one of his gas pumps. *Nieves-Perez v. State*, 2021 WL 1047209, at *1 (Tex. App.—Tyler Mar. 18, 2021, pet. ref'd). The police investigated

1

and apprehended Petitioner and two co-defendants while they were attempting to recover stolen credit card information from the device. *Id.* At the time, Petitioner and his co-defendants possessed two computers and about forty gift cards holding credit card information stolen from more than three hundred people. *Id.*

Petitioner pleaded guilty to a charge of engaging in organized criminal activity, and the charge was enhanced due to a prior conviction. *Id.* The matter proceeded to a jury trial on punishment, and the jury sentenced Petitioner to life in prison. *Id.*

Petitioner filed a direct appeal, and his conviction was affirmed by the Twelfth Judicial District Court of Appeals. *Id.* The Texas Court of Criminal Appeals refused his petition for discretionary review in June 2021, and the Supreme Court subsequently denied certiorari. *Nieves-Perez v. Texas*, 142 S. Ct. 872 (2022). Petitioner then sought state habeas corpus review, which was denied without a written order based on the findings of the trial court and the court's own independent review of the record in April 2023. He now seeks federal habeas relief. Docket No. 1.

In his federal habeas petition, Petitioner raises one ground for relief:

> In assuring Nieves-Perez that the jury would sentence him to no more than 25 years' imprisonment if he pleaded guilty, trial counsel rendered ineffective assistance. Nieves-Perez rejected the State's 35 year plea offer and was prepared to exercise his right to a jury trial. On the morning that jury selection began, however, Nieves-Perez entered an open plea of guilty. Nieves-Perez later explained that his trial counsel told him that if he "trust[ed] him," entered an open plea of guilty, and signed the plea paperwork, the jury would sentence him to no more than 25 years.

*Id.* at 6.

Petitioner acknowledges that the state habeas court found his claim not credible, Docket No. 14 at 4, but he argues that clear and convincing evidence shows

otherwise, *id.* He asserts that while the state habeas court found that his affidavit contradicts the affidavit of his trial counsel, Edward Estrada, the two affidavits are in fact compatible. *Id.* at 6–7.

In his affidavit, Estrada asserts that he informed Petitioner that other Smith County juries had recently sentenced other card skimmers to life in prison. Docket No. 4-4 at 2. The sentences so concerned Estrada that he unsuccessfully moved for a change of venue. *Id.* The State offered a plea deal for thirty-five years, but Petitioner rejected it. *Id.* at 3. To help Petitioner, Estrada detailed the "overwhelming evidence" against him. *Id.* For instance, a camera inside the gas pump in question had recorded a hand wearing a "unique ring" with an N on it. *Id.* And a few days after that video, Petitioner was arrested at the same gas station while wearing the same "unique ring." *Id.* Further, electronic devices used to obtain credit card information from the gas pumps were discovered in Petitioner's car. *Id.* "All this evidence was shared with Mr. Nieves-Perez along with judgments of prior defendant's [sic] receiving life convictions." *Id.* Therefore, "[i]t was our agreed trial strategy to plead guilty to the jury and request leniency for a lower sentence." *Id.*

But according to Petitioner's affidavit, he told Estrada that he was innocent, and if the State did not offer anything less than twenty-five years, he wanted to go to trial. Docket No. 4-5 at 2. On the day of trial, Petitioner asserts that Estrada gave him some papers to sign and told Petitioner to "trust him." *Id.* Estrada told Petitioner that if he signed the papers and pleaded guilty, he would be sentenced "to 25 years or less." *Id.* Had Petitioner known that he would receive more than twenty-

3

five years, he would have gone to trial. *Id.* Petitioner was "positive" that if the jury heard his case, he "would not be found guilty for organized crime" but only for a time that he used a stolen credit card. *Id.* Petitioner asserts that his "lawyer never explained" the full punishments to him. *Id.*

## II. LEGAL STANDARD

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

## III. ANALYSIS

Petitioner raises three objections: (1) Petitioner's and Estrada's narratives are "*not* inconsistent;" (2) the Magistrate Judge did not sufficiently consider facts undermining the verity of his guilty plea and his affirmation that he was satisfied with his trial counsel; and (3) Petitioner's trial counsel only advised him of the maximum sentence "if convicted"—not if he pleaded guilty—constituting ineffective assistance of counsel. Docket No. 18 at 3–5. As discussed below, these objections lack merit.

Regarding Petitioner's first objection, Petitioner's and Estrada's affidavits are inconsistent. As shown above, Estrada claims he detailed the "overwhelming evidence" against Petitioner and the life sentences of several defendants accused of

the same crime in Smith County; they thus agreed to plead guilty and seek leniency. Docket No. 4-4 at 2–3. This contradicts Petitioner's insistence that he is innocent, that he was "positive" a jury would find for him, and that he pleaded guilty due to Estrada's alleged promise. Docket No. 4-5 at 2. The Magistrate Judge did not err in concluding that the affidavits were inconsistent, so this objection is **OVERRULED**.

In his second objection, Petitioner asserts that the Magistrate Judge failed to consider several facts that undermine the verity of his guilty plea. As the Magistrate Judge observed, Petitioner pleaded guilty in this case, testifying in open court that he was pleading guilty because he committed the offense and because he was guilty. Docket No. 17 at 23. This testimony carries "a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Therefore, he faces a "heavy burden" in proving that he is entitled to relief. *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994); *Lyon v. Scott*, 1995 WL 71359, at *2 (5th Cir. Jan. 31, 1995). But a petitioner "may seek habeas relief on the basis of alleged promises" by showing "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (citation omitted). A petitioner "must present independent indicia" of the merit of the allegations of promises, typically by way of "affidavits from reliable third parties." *United States v. McDaniels*, 907 F.3d 366, 370 (5th Cir. 2018) (quoting *Cervantes*, 132 F.3d at 1110).

The Magistrate Judge correctly determined that Petitioner failed to provide sufficient evidence to overcome his sworn testimony at the plea proceeding. Docket

5

No. 17 at 23–24. Although Petitioner claims that he was promised a sentence of twenty-five years or less, he offers no direct evidence of such a promise, either from an eyewitness or an affidavit from a reliable third person. *See Cervantes*, 132 F.3d at 1110; *McDaniels*, 907 F.3d at 370. And as the Court has already noted, Estrada's affidavit does not corroborate this promise.

Neither is Petitioner's pretrial behavior sufficient to meet his heavy burden. *See Cervantes*, 132 F.3d at 1110; *McDaniels*, 907 F.3d at 370. Petitioner points to his pre-trial insistence of his innocence and the rejection of the thirty-five-year plea offer, which, according to Petitioner, suggests "that only a lesser agreed sentence would provoke a change of heart." Docket No. 18 at 4; *see also* Docket No. 4-14 at 32 (Petitioner rejecting the thirty-five-year offer). But at his guilty plea proceeding, Petitioner testified that he and Estrada had received the discovery materials from the State and that he had plenty of time to review the discovery with counsel. Docket No. 4-14 at 139. He also testified that he had plenty of time to talk to counsel about the nature of the charges against him, the range of punishment, the effect of entering a guilty plea, and any possible defenses he might have to the charge. *Id.* at 142. And Estrada's affidavit, which the trial court found credible, described the evidence against Petitioner as "overwhelming." Docket No. 4-4 at 3. These facts support the state court's finding that Petitioner knew how bleak trial counsel thought his prospects were. By the day of trial, Petitioner was aware that the State had overwhelming evidence of his guilt. Thus, as counsel explained, he and Petitioner agreed upon a strategy of pleading guilty and seeking leniency from the jury.

Petitioner has wholly failed to show by clear and convincing evidence that the state courts' denial of relief "'was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court,' or 'resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002) (quoting 28 U.S.C. § 2254(d)).

Further supporting this conclusion, Petitioner was present in court and heard a life sentence being pronounced upon him. Docket No. 12-26 at 130. The court asked him whether he was satisfied with Estrada's representation, and Petitioner answered "yes." Docket No. 12-26 at 132. As the Magistrate Judge correctly determined, Petitioner's expression of satisfaction with Estrada's representation is also entitled to "a strong presumption of verity." Docket No. 17 at 27 (quoting *Blackledge*, 431 U.S. at 74); *see also United States v. Newton*, 2022 WL 4116914, at *2 (5th Cir. 2022) (movant's statement that he was satisfied with counsel's representation was a solemn declaration in open court carrying a strong presumption of verity).

Petitioner refers to his limited knowledge of English and a "post-sentencing fog" as reasons why he affirmed his satisfaction with Estrada's representation, but this does not overcome the presumption of verity either. In fact, a person who pleads guilty based on a promise of no more than twenty-five years could reasonably be expected to voice surprise or raise questions upon being given a life sentence. Petitioner's objections do not overcome the presumption of verity accorded to his

7

expression of satisfaction with his representation. Therefore, Petitioner's objection on this point is **OVERRULED**.

In his last objection, Petitioner complains that Estrada failed to apprise him of the range of punishment if he pleaded guilty. While he acknowledges that counsel advised him of the range of punishment "if convicted," Petitioner interprets that to mean "if he pleaded not guilty but a trier of fact found otherwise." Docket No. 18 at 4. Petitioner contends that his right to effective assistance entitled him to have counsel tell him the range of punishment if he pleaded guilty, citing numerous cases concerning counsel's obligation in federal criminal cases to inform defendants about the applicable U.S. Sentencing Guidelines. *See id.* at 4–5 (collecting cases).

Regardless of counsel's obligations in federal criminal cases—where the sentencing scheme differs considerably from state criminal cases—a defendant cannot claim ineffective assistance of counsel when he is correctly informed of the maximum sentence by the trial court prior to entering his guilty plea. *Kyle v. Thaler*, 354 F. App'x 103, 105 (5th Cir. 2009); *United States v. Green*, 220 F. App'x 346, 347 (5th Cir. 2007). Here, Petitioner does not dispute that he was apprised of the maximum sentence he could receive—life in prison—prior to the entry of his guilty plea and that he understood that. *See* Docket No. 18 at 4–5; Docket No. 4-14 at 133 (Petitioner acknowledging during the plea hearing that life in prison was a possible sentence), 135 (same). He was also advised that there was no recommendation as to punishment. Docket No. 4-14 at 140. His attempted distinction between "the range of punishment if he went to trial and was convicted" and "the range of punishment if

8

he pleaded guilty" is specious because the range of punishment depends on the offense, not on whether the defendant pleads guilty. *See* TEX. PEN. CODE ANN. § 71.02(b). Petitioner's objection on this point is **OVERRULED**.

## IV. CONCLUSION

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 18) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 17) as the opinion of the Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice. Further, the Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **10th** day of **July, 2025.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

9